Smith, Judge,
delivered the opinion of the court:
■ The present appeal involves the single issue of obviousness of appellant’s asserted invention as claimed in rejected claims 3 and 5-9, inclusive, of his application Serial No. 823,636, filed June 29, 1959 for a ■“Luminous Conveyor Belt.”
The subject matter involved in this appeal is a traveling conveyor belt which appellant asserts has been rendered safe for underground •operation where it is partially obscured by darkness. The specification states that when used in a coal mine the conveyor is employed in tunnels which are poorly lighted or completely darkened so that a moving conveyor belt cannot readily be seen by miners who.work around it. Such conveyors are said to travel at a fairly high rate of speed and pass over guide and drive rolls so that there is risk that a person might be caught between a moving belt and these adjacent parts, or be thrown ■off balance by contact with the belt itself. Appellant seeks to alleviate such conditions by providing luminescent areas on the edges of the •conveyor belt. He also asserts patentable novelty of the combination of such a belt and a source of light directed toward the edge of the belt for activating the luminescent area as it passes and repasses the source of light in the normal operation of the conveyor belt.
' Appealed claim 3 is directed to such a combination. Claims 5-9 are -directed to the conveyor belt per se and define the luminescent edge areas of the conveyor belt.
*1315 It is the position of the Board of Appeals that the combination of rejected claim 3 as well as the conveyor belt of claims 5-9 would have been obvious under the conditions stated in 35; U.S.C. 103 from the teachings of the following prior art:
Dolton, 1,359,582, November' 23; 3920.
Davis, 2,367,388, January16,1045,
Hilberg, 2,387,512, October. 23,1945.
Richey, 2,561,228, July 17,1951.
. Dolton shows a conventional type of conveyor belt such as might be modified by appellant if used in a dark area.
Davis discloses the coating of airplane surfaces with luminescent materials, activated by ultraviolet lights within the wings or fuselage.
Hilberg discloses a- luminescent adhesive tape “particularly useful for identfying objects in-the dark during a blackout.” Hilberg says the tape “may be readily applied to such places as stairways, airplane hangar boundaries, companion ways on ship board, edges of railway platforms, sidewalk curbs, etc.” The tape disclosed comprises a transparent film which may be prepared. from certain rubbers to which layers of rubber adhesive-are adhered. The layers of rubber adhesive may be transparent.- The luminescent material may be phosphorescent, and is protected from the atmosphere by the transparent film. ■
Richey discloses a walking cane having a metal core coated with “luminous material or paint, of Which there are many on the market.” An outer transparent plastic tube covers and apparently protects the luminous coating. The luminous surface may be white.
While it cannot be said that the cited art discloses all of the details called for in the.rejected claims, resolution of the-issue before us requires us to determine what the art teaches a person of ordinary skill therein, and whether from such teaching the claimed combination of claim 3 and the claimed, conveyor belt of claims 5-9 would have been obvious to such person at the time of appellant’s invention.
We think the broad postulate underlying the Patent Office position is reasonable: namely, that it would be obvious to any person of ordinary skill in this art to apply a luminescent material to any object he wanted to mark in the dark, whether for the purpose of avoiding collision with it. or being guided by it. Both the examiner and board relied on Hilberg as teaching the general applicability of his phosphorescent tape for such purposes. The examiner thought Hilberg’s list of objects his tape might be applied to “should encompass such obvious corollary uses as on car bumpers, police gloves, conveyor belts, etc.” " Even apart from Richey’s allusion to' the ready commercial availability of luminous materials or paint, one easily recognizes the actual commercial use of phosphorescent materials for many commonplace objects, e.g., lampshades,' switch plates, house *1316 numerals, clock hands and dials, signs, etc. In short, the widespread use of phosphorescent materials is common knowledge.
While appellant refers to the danger an operative conveyor belt poses to a miner or workman, he does not purport to have been the first to appreciate that danger. Indeed, the risk would seem to be self-evident to any miner or workman who found' himself near such a conveyor. Sharing the foregoing common knowledge regarding the use of phosphorescent materials and strips for nightlight purposes, the ordinary miner (or person concerned for his safety in this respect, such as the belt manufacturer) would, we think, find it obvious to apply a phosphorescent coating to the conveyor belt. Presumably, only the upper reach of the conveyor would normally be visible to a person standing nearby, and the center portion thereof would often be covered by materials being conveyed. Hence, the edges of the conveyor belt would seem to be the obvious places to apply the phosphorescent material for maximum effective visibility and to define the outline of the conveyor belt.
While appealed claims 5-9 include references to. particular applications of the luminescent material to the edges of the conveyor belt, they call for no more than application techniques which we think would be obvious to a person of ordinary skills in this art. As noted by the board, “both Hilberg and Richey show it to be old to provide an overlying protective cover of transparent plastic material.” Hence, one of ordinary skill would readily contemplate the specific patch and attachment concepts recited in rejected claims 5-9. As indicated by the board, the specific pigment content employed would be a matter of routine experimentation, for optium result. Also, a white base on the belt for the coating might well be employed, to take advantage of any possible reflectivity and thereby augment the phosphorescent effect. Moreover, Richey discloses the association of a phosphorescent coating with a white surface.
Appellant has stressed the alleged “new combination” recited in claim 8. This argument proceeds in appellant’s brief from a consideration of the “new environment,” in connection with which the brief states:
The claim is limited to an endless conveyor belt “for underground operation” and the specification places the invention in this field as already noted. Ap-licant’s new combination is claimed in an environment not mentioned nor suggested by anything in the prior art. The record demonstrates that no one ever thought of improving the safety conditions of a conveyor belt designed for underground operation by providing a belt with a moving light area or by any other means.
The argument in the brief then considers the asserted “new mode of operation” and states:
The periodic activation of a luminescent area presented by a traveling belt is not suggested by anything in the prior art. The provision of “a source of light *1317 directed toward the edge of a belt and being elective for activating the luminescent area as it passes and repasses the source of light in the normal operation of the conveyor” is a new and original conception of this inventor. The mode of operation is completely new. It is not obvious, but the result of original and creative effort on the part of the applicánt. '
We have given, these arguments careful consideration but we agree with the board “the basic issue * * * is whether or not it was obvious to provide spaced edge areas of an endless conveyor belt with luminescent material.” The need for some.source of light.to activate the phosphorescent material is so obvious that we agree with the board there is no need to discuss it. Since we have found the claimed modification of a conventional conveyor belt so as to have luminescent edge areas to be obvious, We think the provision of sufficient illumination to excite those areas is also obvious.
If the normal-sources of illumination to which such a belt was exposed during operation proved insufficient for any reason, the mounting óf a special lamp' adjacent the fedge of the cóhVeyor belt would, we think, be an obvious expedient. The need for illumination to excite the luminescent materials" and the decrease of light intensity with distance from its source are commonly recognized. It is noted in' this connection that claim 3- does not specify that the “source of light” be adjacent to the belt, or for that matter anywhere near the belt. Hence,-any illumination .source directed toward the'conveyor belt is covered by the claim.
For the foregoing reasons, we affirm the decision of the 'board.